UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------X
RONALD LEMUS, *individually*
 *and on behalf of others similarly situated*

CASE NO: 2:23-CV-3198

Plaintiff,

vs.

HUGO R. LANDSCAPING INC,
*a domestic corporation*,
and HUGO REYES, *an individual*,

Defendants.
---------------------------------------------------X

## COMPLAINT

Ronald Lemus ("Plaintiff"), individually and on behalf of others similarly situated, hereby sues Defendants, Hugo R. Landscaping Inc ("Corporate Defendant") and Hugo Reyes (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages and unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"). Plaintiff seeks compensatory damages and liquidated damages, including applicable interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

2. Plaintiff further seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331. Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Plaintiff was employed by Defendants to perform the activities of a construction worker in this District, and Defendants are in this District.

## PARTIES

5. Plaintiff is over the age of 18 years, *sui juris*, and is a resident of this State.

6. Corporate Defendant is a domestic corporation organized and existing under the laws of the State of New Jersey.

7. Corporate Defendant owns and operates a landscaping company known Hugo R. Landscaping, with a principal place of business at 406 Kennedy Dr., Apt 1, Fairview, NJ 07022.

8. On information and belief, Individual Defendant, Hugo Reyes, is over the age of 18 years, *sui juris*, and owns (in whole or in part), and operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant business.

9. Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and NJWHL.

15. Plaintiff worked for the Defendants from approximately April 2020 through April 2023.

16. Plaintiff was employed to perform activities as a landscaping and construction worker. His job included gathering materials, building, cleaning, and any other task or job that he was assigned at any given time.

17. Plaintiff regularly handled goods that had traveled through interstate commerce, including tools and building materials.

18. Plaintiff's work duties required neither discretion nor independent judgment.

19. Plaintiff worked seven days per week, from Monday through Sunday, 7:00 a.m. through 8:30 p.m. Plaintiff always worked approximately 95 hours per week.

20. Plaintiff was paid at the rate of $160.00 per day, without any raises during the term of his employment.

21. Throughout his employment with Defendants, Plaintiff was paid in cash with no pay stubs provided.

22. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

23. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant's business.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and New Jersey labor laws.

## RULE 23 CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on his own behalf, and as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of a class of individuals defined as follows: Any and all individuals employed by Defendants at Defendants' business at any time during the six-year period preceding the date on which this complaint was filed (the "Class").

26. Excluded from the Class is any person who is an executive, professional, managerial, or other employee of Defendants who is exempt from coverage under the NJWHL and FLSA, and not subject to protection of those laws.

27. The members of the class are so numerous that joinder of all Class members is no practical. The size of the class will be determined through discovery.

28. Plaintiff's claims are typical of those of the Class. Plaintiff, along with every member of the Class, has suffered violations of applicable labor laws, including each of the violations complained by Plaintiff herein.

29. Plaintiff will adequately protect the interest of all members of the Class and has retained competent legal counsel experienced class action litigation as well as FLSA and NJWHL litigation. Plaintiff has no interest that are contrary to the interests of the Class.

30. A class action is by far the most efficient way by which to resolve all FLSA and NJWHL claims belonging to any current or former employee of Defendants, which occurred at any time within the relevant limitations period. The expense and burden associated with individual litigation of each claim held by each member of the Class would be extraordinarily inefficient for Defendants, for members of the Class, and for courts of this District.

31. Common questions of law and fact prevail with respect all members of the Class predominate over questions applicable solely to individual Class members. Among such common question of law and fact is whether Defendant has violated its state and federal legal obligations by failing to comply with FLSA and NJWHL requirements in the manner alleged by Plaintiff herein, such that all members of the Class are owed minimum and overtime pay, as well as damages for failure to provide required wage and other notices.

32. Plaintiff knows of no special or unique difficulty that would be encountered in the management of litigation that might preclude its maintenance as a class action.

33. The names and addresses of Class members are readily discernable from the Defendants' business records. Notice of this case to each member of the Class, along with notice to each member of the Class that he/she will need to opt-out of the Class or otherwise be barred from pursuing future action, can be delivered by U.S. Mail, or electronic mail (where applicable), using technique and a form of notice similar to those customarily used in class action litigation in the District, and can additionally be posted at Defendants' place of business, or by other means that are likely to reach members of the Class.

## FLSA COLLECTIVE ACTION CLAIMS

34. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

35. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

36. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

37. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

38. Defendants failed to pay Plaintiff and the FLSA Class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

39. Defendants' failure to pay Plaintiff and the FLSA Class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

40. Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

**(Violation of the Overtime Provisions of the NJWHL)**

41. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

42. NJWHL § 34:11-56a *et seq.* requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

43. As described above, Defendants are employers within the meaning of the NJWHL, while Plaintiff and any Class member who opts in to this action, are employees within the meaning of the NJWHL.

44. Also as described above, Plaintiff, and any Class member who opts in to this action, worked in excess of forty hours each week, yet the Defendants failed to compensate them in accordance and compliance with, the NJWHL's overtime provisions.

45. Plaintiff, and any Class member who opts in to this action, is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their regular rate of pay.

46. Plaintiff, and any Class member who opts in to this action, is also entitled to liquidated damages, interest, attorneys' fees, and their costs and disbursements in this action for Defendants' violations of the NJWHL's overtime provisions.

**THIRD CAUSE OF ACTION**
**(Violation of the Minimum Wage Provisions of the FLSA)**

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

49. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

50. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. §203 (r)-(s).

51. Defendants failed to pay Plaintiff and the FLSA Class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

52. Defendants' failure to pay Plaintiff and the FLSA Class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255 (a).

53. Plaintiff and the FLSA Class members were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(Violation of the Minimum Wage Provisions of the NJWHL)**

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NJWHL § 34:11-56a1(h).

56. At all times relevant to this action, Defendants were employers within the meaning of NJWHL § 34:11-56a1(g).

57. Defendants willfully failed to record, credit, or compensate Plaintiff and any Class member who opts in to this action the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically NJWHL 34:11-56 and applicable regulations.

58. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff and any Class member who opts in to this action is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages as well as reasonable attorneys' fees and costs of the action, pursuant to the NJWHL, specifically NJWHL 34:11-56a25, all in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the overtime wage provisions, minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

d) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f) Declaring that Defendants violated the overtime wage provisions, minimum wage provisions of, and rules and orders promulgated under, the NJWHL;

g) Awarding Plaintiff and the Class members liquidated damages pursuant the NJWHL;

h) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

i) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

j) All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable by a jury.

DATED June 7, 2023

Respectfully Submitted,

**Bashian & Papantoniou, P.C.**
*Attorneys for Plaintiff*
500 Old Country Road, Ste. 302
Garden City, NY 11530
Tel:   (516) 279-1554
Fax:   (516) 213-0339
***By:*** */s/ Erik M. Bashian*
**ERIK M. BASHIAN, ESQ.**
eb@bashpaplaw.com

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Road, Ste. 500
Boca Raton, FL 33431
Tel:(954) 745-0588
By:   /s/ Nolan Klein
NOLAN KLEIN, ESQ.
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

PRO HAC VICE MOTION TO BE FILED

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

Yo, **RONALD LEMUS** soy un empleado o ex empleado de **HUGO R. LANDSCAPING INC.** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 6/7/2023 , 2023.

_____
**RONALD LEMUS**